**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| HOLLIS QUENTRAIL GEIGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 305-035 |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate confined at Telfair State Prison in Helena, Georgia, commenced the above-styled case pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was filed *in forma pauperis* and must be screened to protect potential defendants. See Harris v. Menendez, 817 F.2d 737, 739-41 (11th Cir. 1987). Pleadings drafted by *pro se* litigants must be liberally construed, see Haines v. Kerner, 404 U.S. 519, 521 (1972)(*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A.

### I. BACKGROUND

Plaintiff alleges that while incarcerated at Hays State Prison (ostensibly prior to his transfer to Telfair State Prison), certain unidentified dentists placed a "wire tapping or bugging device" in one of his wisdom teeth. (Doc. no. 1, p. 8). Plaintiff asserts that he

knows this is the case because once when he was eating tortilla chips, he noticed that "every time I [bit] down on a hard tortilla chip, the surveillance camera television screen [would change]." (Id.). For obvious reasons, it is not necessary to explain Plaintiff's asserted claim in greater detail.

## II. DISCUSSION

The Court has a duty to construe *pro se* filings liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*); however, the Court is in no way obligated to accept a complaint like the instant one, which brings an obviously frivolous claim. 28 U.S.C. § 1915A. In Carter v. Ingalls, F. Supp. 834, 835-37 (S.D. Ga. 1983)(Bowen, J.), the Court considered a prisoner plaintiff's claims that, *inter alia*, he was given improper medication, blue ink and glass were placed in his brain, and prison officials created fake pictures of the plaintiff having sexual intercourse with a dog. The case was subject to *sua sponte* dismissal because of its "patent lack of merit and want of realistic chances of ultimate success." Id. at 836 (citing Jones v. Ault, 67 F.R.D. 124, 129 (S.D. Ga. 1974)(where inmate alleged that prison officials were using a thought-control machine)). The same holds true in this case. Whether Plaintiff is delusional, making a joke, or simply seeking to harass the defendants, his outlandish accusation will not circumvent the screening provision of 28 U.S.C. § 1915A.

## III. CONCLUSION

Simply put, a pauper's affidavit is not a free ticket to litigate frivolous claims. Ault, 67 F.R.D. at 127. The Court **REPORTS** and **RECOMMENDS** that this action be

2

**DISMISSED** for frivolity.[1]

SO REPORTED and RECOMMENDED this 13th day of June, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] As the Court recommends the dismissal of the instant action, it likewise **REPORTS** and **RECOMMENDS** that Plaintiff's motion for the appointment of counsel (doc. no. 9) be **DENIED**.

3

# United States District Court
## *Southern District of Georgia*

ATTORNEYS SERVED:

Hollis Quentrail Geiger, Pro-se

CASE NO: CV305-035
DATE SERVED: June 13, 2005
SERVED BY: Cindy Reynolds

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate